# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-CR-0104-CVE |
| ) | |
| BENJAMIN LEVI HOLDER, ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Compel Election (Dkt. # 24). Defendant is charged by indictment (Dkt. # 4) with one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered weapon in violation of 26 U.S.C. § 5872(a). Defendant argues that counts 3, 4, and 5 are multiplicitous and the government cannot properly charge all three. The government has filed a response (Dkt. # 25) in opposition to the motion stating that the counts are not multiplicitous because they charge defendant with separate crimes requiring proof of separate elements.

Defendant argues that counts 3, 4, and 5 are multiplicitous because they charge defendant with possessing the same firearms at the same time. Count 3 charges defendant with possession of six firearms in the furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count 4 charges defendant with possession of nine firearms (and various ammunition) in violation of 18 U.S.C. § 922(g)(1). The six firearms listed in count 3 are also listed in count 4. Count 5 charges

defendant with possession of an unregistered weapon made from a shotgun, in violation of 26 U.S.C. § 5861(d). The firearm listed in count 5 is also listed in counts 3 and 4. Defendant argues that charging multiple counts covering the same behavior violates the prohibition against double jeopardy and threatens his right to a fair trial by exposing him to unfair prejudice.

The Fifth Amendment's guarantee that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," U.S. Const., amend. V, protects individuals not only from "successive prosecutions, but also [from] successive punishments for the same offense," United States v. Morris, 247 F.3d 1080, 1083 (10th Cir. 2001) (internal citations omitted). Accordingly, the United States Court of Appeals for the Tenth Circuit's "jurisprudence establishes that multiplicitous sentences violate the Double Jeopardy Clause." United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006) (internal quotations omitted). "'Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior.'" Id. at 1162 (quoting United States v. Johnson, 130 F.3d 1420, 1424 (10th Cir. 1997)). "Although multiplicity is not fatal to an indictment, multiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple punishments for a single criminal offense." United States v. McCullough, 457 F.3d at 1162 (internal quotations omitted).

The issue of multiplicity arises, as it does here, when the defendant is charged with violations of multiple criminal statutes for the same underlying acts. When confronting such a situation, courts apply the rule of statutory construction that is described in Blockburger v. United States, 284 U.S. 299 (1932). See United States v. Greene, 239 F. App'x 431, 436 (10th Cir. 2007). The Blockburger rule is often known as the "same elements test." United States v. Pearson, 203 F.3d at 1268. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory

2

provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. at 304. "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. (internal quotations omitted).

Counts 3 through 5 of the indictment charge defendant with three distinct crimes in violation of three separate statutes. The conduct charged in each of those counts overlaps, namely, possession of a particular firearm. However, each of these crimes contains at least one element that is separate and distinct from the other crimes charged. In count 3, the government must prove, inter alia, that defendant possessed the firearm(s) in furtherance of a drug trafficking crime. See United States v. Basham, 268 F.3d 1199, 1206 (10th Cir. 2001). In count 4, the government must instead prove, inter alia, that defendant knowingly possessed a firearm and was convicted of a felony before he possessed the firearm. See United States v. Taylor, 113 F.3d 1136, 1144 (10th Cir. 1997). In count 5, the government must prove, inter alia, that the defendant knowingly possessed a firearm that had specific characteristics or features that caused it to be registrable under the National Firearms Registration and Transfer Record and defendant knew of those characteristics. See United States v. Gonzales, 535 F.3d 1174, 1179-80 (10th Cir. 2008). Each of these listed elements is required only in the count noted and is not required in the other counts. Thus, because each of the crimes charged contains at least one element that is separate and distinct from the other crimes charged, the counts are not multiplicitous. See Blockburger, 284 U.S. at 304; see also United States v. Barber, 303 F. App'x 652, 655-56 (10th Cir. 2008) (holding that indictment charging violations of §§ 924(c)(1)(A) and 922(g)(1) was not

multiplicitous because each statute had a separate and distinct element that needed to be proved) (unpublished).[1]

Defendant's claim of unfair prejudice is similarly unpersuasive. Defendant argues that the jury may lead the jury to improperly conclude that "the alleged criminal activity is of greater scope and gravity than it actually is, leading to a risk of conviction on something other than the strength of the evidence . . . ." Dkt. # 24 at 3. However, the Court is confident that a jury instruction directing the jury to consider each offense separately will alleviate any minor potential of prejudice.

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel Election (Dkt. # 24) is **denied**.[2]

**DATED** this 18th day of July, 2012.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[2] The law discussed herein is well-settled. Counsel is hereby on notice that CJA compensation for frivolous motions will be denied.